J-S68006-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GARY SOUTHERLAND | : | |
| | : | |
| Appellant | : | No. 1771 WDA 2017 |

Appeal from the PCRA Order October 25, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013051-1990

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    FILED DECEMBER 27, 2018

Gary Southerland ("Appellant") appeals pro se from the order denying his eighth petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.[1]

A previous panel of this Court summarized the underlying facts of this matter as follows:

> [O]n August 27, 1991, Appellant was convicted, following a non-jury trial, of first-degree murder and recklessly endangering another person. Appellant's convictions stemmed from his shooting his wife in the legs with a shotgun, which resulted in his [wife] suffering a pulmonary embolism that caused her death. In January of 1992, Appellant was sentenced to an aggregate term of life imprisonment, without the possibility of parole. He filed a timely direct appeal, and this Court affirmed his judgment of

---

[1] Appellant filed an Application to Supplement the Original Record in this Court on October 25, 2018.  Therein, Appellant seeks to supplement the certified record with a transcript of the coroner's inquest held on September 21, 1990. Given our disposition of Appellant's issues, we DENY the application.

---

*   Former Justice specially assigned to the Superior Court.

sentence, yet also remanded for the trial court to conduct a hearing on Appellant's claims of ineffective assistance of his trial counsel. *Commonwealth v. Southerland*, 631 A.2d 1373 (Pa. Super. 1993) (unpublished memorandum). On August 2, 1993, the trial court issued an order denying Appellant's ineffectiveness claims, and Appellant did not file another appeal.

Over the ensuing two decades, Appellant filed at least five PCRA petitions, all of which were denied by the PCRA court. In many of those collateral proceedings, Appellant appealed to this Court from the order denying his petition, and we repeatedly affirmed. *See Commonwealth v. Southerland*, 698 A.2d 111 (Pa. Super. 1997) (unpublished memorandum), appeal denied, 698 A.2d 66 (Pa. 1997) (affirming the denial of Appellant's first petition); *Commonwealth v. Southerland*, 911 A.2d 187 (Pa. Super. 2006) (unpublished memorandum), appeal denied, 917 A.2d 314 (Pa. 2007) (affirming the denial of Appellant's second PCRA petition); *Commonwealth v. Southerland*, 981 A.2d 322 (Pa. Super. 2009) (unpublished memorandum), appeal denied, 985 A.2d 972 (Pa. 2009) (affirming the denial of Appellant's fourth petition).

On June 29, 2015, Appellant filed a pro se writ of habeas corpus. . . . The lower court treated that filing as a PCRA petition. On August 13, 2015, the court issued an order denying Appellant's petition.

*Commonwealth v. Southerland*, 158 A.3d 175, 1525 WDA 2015 (Pa. Super. filed Sept. 9, 2016) (unpublished memorandum at *1–4) (footnotes omitted).

Appellant filed a pro se notice of appeal and complied with Pa.R.A.P. 1925(b). We affirmed the PCRA court's order denying Appellant's sixth petition as untimely. *Id.* at *4. The Pennsylvania Supreme Court denied further review. *Commonwealth v. Southerland*, 169 A.3d 555, 3 WAL 2017 (Pa. filed May 31, 2017).

We glean the supplemental procedural history from the certified record.

Appellant filed a pro se PCRA petition on August 30, 2017. On September 26, 2017, the PCRA court gave notice of its intent to dismiss the August 30, 2017 PCRA petition as untimely. On October 25, 2017, the PCRA court entered an order dismissing the PCRA petition. On November 20, 2017, Appellant filed a notice of appeal, which was docketed at 1771 WDA 2017. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant states the following questions for our review:

> 1. Whether the PCRA [petition] is timely under 42 Pa.C.S. 9545?
>
> 2. Whether [A]ppellant's due process rights were violated where the finder of fact relied upon improperly admitted evidence to determine the degree of guilt and remaining evidence is insufficient as a matter of law to sustain the conviction for first-degree murder?

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether its determination is free of legal error. Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Id. Here, the PCRA court dismissed Appellant's petition as untimely, and we discern no error.

Upon review, we conclude that the PCRA court properly denied Appellant's eighth petition for two reasons. First, Appellant filed his present petition before review of his seventh petition was finalized.

In Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000), our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." The [Lark] Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." Id. (citation omitted).

Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her "only option is to raise it within a second PCRA petition filed within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" Commonwealth v. Steele, 599 Pa. 341, 961 A.2d 786, 808–809 (2008).

Commonwealth v. Montgomery, 181 A.3d 359, 363 (Pa. Super. 2018) (en banc), appeal denied, 190 A.3d 1134 (Pa. 2018).

Here, Appellant had filed a pro se "Petition for Writ of Habeas Corpus Ad Subjiciendum and/or Request to Reinstate Original PCRA Nunc Pro Tunc Because of Court Created Fatal Defect" on July 25, 2017. The trial court treated the habeas corpus petition as a request for PCRA relief and on September 6, 2017, gave notice of its intent to dismiss the petition as untimely. Appellant filed a Reply to the Notice of Intent to Dismiss dated September 18, 2017. In an order filed on September 26, 2017, the PCRA court dismissed Appellant's habeas corpus petition. Appellant filed a pro se notice of appeal on October 16, 2017, which was docketed at 1535 WDA 2017.[2]

_____

[2] We have disposed of that appeal in a separate memorandum.

- 4 -

Appellant filed the petition underlying this appeal before resolution of his July 25, 2017 petition was completed. Thus, the PCRA court properly denied Appellant's current petition. Lark, 746 A.2d at 588.

Second, the PCRA court properly denied Appellant's current petition because it was untimely and the PCRA court lacked jurisdiction to consider the merits of his claims. See Commonwealth v. Carr, 768 A.2d 1164, 1167 (Pa. Super. 2001) ("Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner.").

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Hernandez, 79 A.3d at 651. A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Appellant's judgment of sentence became final on September 1, 1993, thirty days after the trial court acted in response to our remand for a hearing on Appellant's ineffectiveness claims, which ruling Appellant did not appeal. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed the instant petition

on August 30, 2017, more than twenty-four years later. Accordingly, Appellant's petition is patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under Section 9545(b)(2).  Commonwealth v. Ward-Green, 141 A.3d 527, 532 (Pa. Super. 2016).  If the petition is untimely and no exception is pled and

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

proven, the PCRA court must dismiss the claims because it is without jurisdiction to entertain an untimely petition. Commonwealth v. Johnston, 42 A.3d 1120 (Pa. Super. 2012).

The PCRA court disposed of Appellant's petition with the following cogent analysis, which we adopt as our own:

> In his August 30, 2017 Petition, [Appellant] recites the procedural history of his case and refers to the Superior Court's Memorandum Opinion of September 9, 2016 at No. 1525 WDA 2015 which stated in part:
>
>> "Appellant's conviction stems from shooting his wife in the legs with a shotgun, which resulted in his wife suffering a pulmonary embolism that caused her death."
>
> [Appellant] contends that this statement in the Superior Court's memorandum opinion is a new fact or finding that goes to the issue of [Appellant's] specific intent to kill necessary to support his conviction for First Degree Murder. [Appellant] also refers to language from the Superior Court's memorandum opinion at 179 Pittsburgh 1992[1] that references the fact that [Appellant] "shot his wife 'several' times" and the memorandum opinion at No. 380 Pittsburgh 1995[2] that "Appellant shot his wife numerous times." [Appellant] also refers to Federal Magistrate Ciazza's 2004 Opinion which references the trial court's determination that the conviction of First Degree Murder was supported by the evidence that showed that Petitioner "shot his wife in three rooms." Petitioner further states:
>
>> "the difference in the 1992, 1995 and 2004 holdings and the No. 1525 WDA 2015 holding is the wealth of conclusive proof attached as exhibits to DE-99, which were unavailable during above-cited actions in this case. The first gunshot fired in the floor."
>
> [1] Commonwealth v. Southerland, 431 Pa. Super. 644, 631 A.2d 1373 (1993)

2  Commonwealth v. Southerland, 698 A.2d 111 ([Pa. Super.] 1997)

Clearly [Appellant's] attempt to use language from the memorandum opinion of September 9, 2016 by the Superior Court as a new fact on which to base a claim for an exception to the one year time limit for filing a PCRA [petition] pursuant to 42 Pa. C.S.A. § 9545(b)(1)(ii) is misplaced. The Court's general statement regarding the evidence of the case is not a new fact to support an exception to the untimely filing of his PCRA Petition. Therefore, the August 30, 2017 PCRA Petition was appropriately dismissed.

PCRA Court Opinion, 6/7/18, at 5–6 (internal citations omitted).

PCRA order affirmed. Application to Supplement the Original record denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2018